UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK PITTROF,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN XIE, et al.,<br><br>        Defendants. | Case No. 25-cv-08592-AMO<br><br>**ORDER GRANTING STIPULATION TO CONSOLIDATE CASES AND DENYING APPOINTMENT OF CO-LEAD COUNSEL**<br><br>Re: Dkt. Nos. 23, 25, 26 |
| MICHAEL J. MARRINAN,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN XIE, et al.,<br>Defendants. | Case No. 25-cv-09546-AMO<br><br>Re: Dkt. Nos. 32, 33 |
| LR TRUST,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN XIE, et al.,<br>Defendants. | Case No. 25-cv-10350-AMO<br><br>Re: Dkt. Nos. 18, 19 |
| BRYAN FOSTER,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN XIE, et al.,<br>Defendants. | Case No. 25-cv-09611-AMO<br><br>Re: Dkt. Nos. 19, 20 |

United States District Court
Northern District of California

The above-captioned cases (the "Derivative Actions") are related shareholder derivative actions stemming from two pending Private Securities Litigation Reform Act cases. Before the Court are eight motions to consolidate the Derivative Actions and to appoint lead counsel. *Pittrof* Dkt. Nos. 23, 25; *Marrinan* Dkt. Nos. 32, 33; *LR Trust* Dkt. Nos. 18, 19; *Foster* Dkt. Nos. 19, 20. After the parties filed these motions, they came to an agreement and filed a stipulation to consolidate the Derivative Actions and to appoint co-lead counsel. *Pittrof* Dkt. No. 26. The Court **GRANTS** in part and **DENIES** in part the stipulation.

The parties believe the Derivative Actions should be consolidated to "ensure economy of time and effort for the Court, for counsel, and for litigants." *Id.* at 5. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court finds that the Derivative Actions involve common questions of law and fact and that consolidation would promote efficiency for all stakeholders. Accordingly, the Court grants the stipulation in this regard and consolidates the Derivative Actions.

The parties additionally stipulated to court appointment of co-lead counsel, namely attorneys from Rigrodsky Law, P.A., Gainey McKenna & Egleston, and Weiss Law. The Court finds the appointment of lead counsel is premature at this time and denies the pending stipulation and motions without prejudice to refiling at a later date. Further, the Court notes that several attorneys seeking appointment as lead counsel have not filed pro hac vice motions, thus they are not properly admitted before this Court, and their appointment would be ill-conceived.

For the foregoing reasons, the Court **ORDERS**:

1. The Derivative Actions are **CONSOLIDATED** for all purposes, including pre-trial proceedings, trial, and appeal, into a consolidated derivative action (the "Consolidated Action").

/ / /

/ / /

/ / /

United States District Court
Northern District of California

2. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FORTINET STOCKHOLDER DERIVATIVE LITIGATION _____ This Document Relates To: ALL ACTIONS. | Lead Case No. 3:25-cv-08592-AMO (Consolidated with Case Nos. 3:25-cv-09546-AMO; 3:25-cv-09611-AMO; 3:25-cv-10350-AMO) |

3. All documents filed and served to date in the Derivative Actions are deemed filed and served and are part of the record in the Consolidated Action.

4. The files of the Consolidated Action shall be maintained in one file under Master File No. 3:25-cv-08592-AMO.  Because the later-filed actions are now subsumed in the first-filed action, the Clerk of Court shall administratively close *Marrinan v. Pittrof*, 25-cv-09546-AMO; *Foster v. Pittrof*, 25-cv-09611-AMO; and *LR Trust v. Pittrof*, 25-cv-10350-AMO.

5. Defendants are not required to respond to the individual, unconsolidated complaints in any action consolidated into this Consolidated Action.

6. The parties shall meet and confer regarding the orderly progress of the Consolidated Action moving forward, including, as appropriate, the filing of a consolidated or operative complaint and Defendants' response thereto.  Within forty-five (45) days of entry of an order on this Stipulation, the parties shall submit a proposed schedule to the Court, and shall specifically address whether this action should be stayed pending resolution of the potentially-forthcoming motion(s) to dismiss in the related Private Securities Litigation Reform Act cases.  *See Okla. Firefighters Pension & Ret. Sys. v. Fortinet*, 25-cv-8037-AMO, Dkt. No. 19 at 3; *R.I. Off. of the Gen. Treasurer ex rel. the Emps.' Ret. Sys. of R.I. v.*

*Fortinet*, 25-cv-8888-AMO, Dkt. No. 19 at 3.

7. This Order shall apply to each derivative action arising out of the same or substantially the same transactions or events as the Consolidated Action that is subsequently filed in, removed to, or transferred to this Court.

8. When a case which properly belongs as part of *In re Fortinet Stockholder Derivative Litigation*, Lead Case No. 3:25-cv-08592-AMO, is hereafter filed in, removed to, or transferred to this Court, the Parties' counsel shall call such filing, removal, or transfer to the Court's attention for purposes of consolidating such case(s) with *In re Fortinet Stockholder Derivative Litigation*, Lead Case No. 3:25-cv-08592-AMO.

9. This Order disposes of Docket Numbers 23, 25, and 26 in *Pittrof*, Docket Numbers 32 and 33 in *Marrinan*, Docket Numbers 18 and 19 in *LR Trust*, and Docket Numbers 19 and 20 in *Foster*.

**IT IS SO ORDERED.**

Dated: February 9, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California