DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
MARIE BAFUS (CSB No. 258417)
mbafus@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

JAY L. POMERANTZ (CSB No. 209869)
jpomerantz@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants Ken Xie, Michael Xie, Kenneth A. Goldman, Ming Hsieh, Jean Hu, Janet Napolitano, Judith Sim, James Stavridis, Mary Agnes Wilderotter, Keith Jensen, Christiane Ohlgart, and Nominal Defendant Fortinet, Inc.*

FENWICK & WEST LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FORTINET STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 3:25-cv-08592-AMO<br><br>(Consolidated with Case Nos. 3:25-cv-09546-AMO; 3:25-cv-09611-AMO; 3:25-cv-10350-AMO) |
| This Document Relates To:<br><br>ALL ACTIONS. | **STIPULATION AND [~~PROPOSED~~] ORDER STAYING ACTION AS MODIFIED**<br><br>Judge: Hon. Araceli Martínez-Olguín |

Plaintiffs Jack Pittrof, Michael J. Marrinan, Bryan Foster, and LR Trust (collectively, "Plaintiffs"), Nominal Defendant Fortinet, Inc. ("Fortinet" or "Nominal Defendant"), and Ken Xie, Michael Xie, Kenneth A. Goldman, Ming Hsieh, Jean Hu, Janet Napolitano, Judith Sim, James Stavridis, Mary Agnes Wilderotter, Keith Jensen, and Christiane Ohlgart (collectively, the "Individual Defendants," and together with Fortinet, the "Defendants," and with the Plaintiffs, the "Parties"), by and through their respective undersigned counsel, stipulate as follows:

WHEREAS, on October 8, 2025, Plaintiff Pittrof filed a stockholder derivative action in this Court on behalf of Fortinet against Defendants Ken Xie, Michael Xie, Kenneth A. Goldman, Ming Hsieh, Jean Hu, Janet Napolitano, Judith Sim, James Stavridis, Keith Jensen, and Christiane Ohlgart alleging, *inter alia*, violations of the federal securities laws, breaches of fiduciary duty, unjust enrichment, aiding and abetting, and waste of corporate assets, captioned *Pittrof v. Xie, et al.*, No. 3:25-cv-08592-AMO (N.D. Cal.) (the "*Pittrof* Action");

WHEREAS, on November 5, 2025, Plaintiff Marrinan filed a stockholder derivative action in this Court on behalf of Fortinet against Defendants Ken Xie, Michael Xie, Kenneth A. Goldman, Ming Hsieh, Jean Hu, Janet Napolitano, Judith Sim, James Stavridis, Keith Jensen, and Christiane Ohlgart alleging, *inter alia*, violations of the federal securities laws, breaches of fiduciary duty, unjust enrichment, violations of California Corporations Code, §§ 24400, 25500, *et seq.*, insider trading, gross mismanagement, and waste of corporate assets, captioned *Marrinan v. Xie, et al.*, No. 3:25-cv-09546-AMO (N.D. Cal.) (the "*Marrinan* Action");

WHEREAS, on November 6, 2025, Plaintiff Foster filed a stockholder derivative action in this Court on behalf of Fortinet against the Individual Defendants alleging, *inter alia*, violations of the federal securities laws, breaches of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, captioned *Foster v. Xie, et al.*, No. 3:25-cv-09611-AMO (N.D. Cal.) (the "*Foste*r Action");

WHEREAS, on December 2, 2025, Plaintiff LR Trust filed a stockholder derivative action in this Court on behalf of Fortinet against the Individual Defendants alleging, *inter alia*, violations of the federal securities laws, breaches of fiduciary duty, aiding and abetting, insider trading, and unjust enrichment, captioned *LR Trust v. Xie, et al.*, No. 3:25-cv-10350-AMO (N.D. Cal.) (the "*LR*

*Trust* Action" and together with *Pittrof*, *Marrinan*, and *Foster* Actions, the "Derivative Actions");

WHEREAS, on February 9, 2026, the Court consolidated the Derivative Actions under the caption, *In re Fortinet Stockholder Derivative Litigation*, Lead Case No. 3:25-cv-05892-AMO (the "Consolidated Derivative Action") (ECF No. 28);

WHEREAS, the Consolidated Derivative Action asserts claims based on the same alleged events and circumstances in the securities class action captioned *In re Fortinet, Inc. Securities Litigation*, Lead Case No. 25-cv-08037-AMO (the "Securities Class Action");

WHEREAS, in light of the similarities between the Consolidated Derivative Action and the Securities Class Action, and because Plaintiffs seeks damages on Fortinet's behalf arising from, among other things, the outcome of the Securities Class Action (*see, e.g.*, *Pittrof* Action, ECF No. 1, ¶¶ 10, 12, 13, 109, 111, 151),[1] and in order to conserve the Parties' and judicial resources, the Parties to the Consolidated Derivative Action agree that all proceedings and deadlines in the Consolidated Derivative Action, including discovery and Defendants' obligation to move, answer, or respond to the Complaint, should be voluntarily stayed;

**IT IS ACCORDINGLY STIPULATED AND AGREED** by the Parties**,** pursuant to Civil L.R. 7-12, through their respective undersigned counsel, as follows:

1. Except as noted below, all proceedings, including any motion practice, obligation to respond to the complaint in the Consolidated Derivative Action or any amended complaint, and all discovery and disclosure obligations under the applicable Local and Federal rules, in the Consolidated Derivative Action shall be temporarily stayed until the final resolution of the Securities Class Action.

2. Within fourteen (14) days of the final resolution of the Securities Class Action, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the Consolidated Derivative Action, including dates by which Plaintiffs must file an amended complaint (if not already amended), if any, and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

[1] *Marrinan* Action, ECF No. 1, ¶¶ 67-68, 75; *Foster* Action, ECF No. 1, ¶¶ 11, 125, 208-11; *LR Trust* Action, ECF No. 1, ¶¶ 6, 81-82, 188, 191-94.

3. Defendants shall promptly notify Plaintiffs of any related derivative lawsuits involving Fortinet ("Related Derivative Action") and any demands made by stockholders pursuant to 8 *Del. C.* § 220 that relate to the subject matter of the Consolidated Derivative Action.

4. If any Related Derivative Action is not subject to a similar stay, with a duration that is the same or longer as the Consolidated Derivative Action, Plaintiffs shall have the option to terminate the stay of the Consolidated Derivative Action. Such option may only be exercised, however, after defendants in the Related Derivative Action at issue have been afforded a reasonable opportunity to seek a commensurate stay of such action, and Defendants either decline to seek such a stay or are unsuccessful in moving for or stipulating to such a stay, provided that Defendants agree not to move to dismiss a Related Derivative Action until Plaintiffs have an opportunity to intervene in that Related Derivative Action or decline to do so. In the event Plaintiffs elect to terminate the stay of the Consolidated Derivative Action, Plaintiffs shall provide 10 days advance notice of such election to counsel for Defendants via email. Within 10 days after the notice of termination, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the Consolidated Derivative Action (or any application to extend the stay), including dates by which Plaintiffs must file an amended complaint and a date by which Defendants must answer, move against, or otherwise respond to the amended complaint, and any associated briefing and case management schedules.

5. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle the Securities Class Action, counsel for Defendants shall provide counsel in the Consolidated Derivative Action with reasonable advance notice of said mediation and shall invite Plaintiffs to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiffs at or around the same time as the mediation of the Securities Class Action. Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiffs in any such mediation (subject to Defendants seeking

FENWICK & WEST LLP

permission from that court and/or other parties to the mediation, as well as any insurers).

6. Notwithstanding the agreed-upon stay of the Consolidated Derivative Action, Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

7. This stay shall not prohibit the filing or ruling on any motions, stipulations, or other related filings pertaining to consolidation of Related Derivative Actions as required by paragraph 8 of the order consolidating related derivative actions. *See* Dkt. No. 28.

8. All proceedings in the Consolidated Derivative Action or any of the underlying Derivative Actions, including all applicable case management and ADR deadlines, whether by Court order, the Federal Rules and Civil Local Rules, or otherwise shall be temporarily stayed and/or vacated during the pendency of the Securities Class Action.

9. ~~In the event Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action which are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this stipulation~~.

Dated: March 26, 2026

FENWICK & WEST LLP

*/s/ Marie Bafus*

Marie Bafus
mbafus@fenwick.com
Dean S. Kristy
dkristy@fenwick.com
Jay L. Pomerantz
jpomerantz@fenwick.com

*Attorneys for Defendants Ken Xie, Michael Xie, Kenneth A. Goldman, Ming Hsieh, Jean Hu, Janet Napolitano, Judith Sim, James Stavridis, Mary Agnes Wilderotter, Keith Jensen, Christiane Ohlgart, and Nominal Defendant Fortinet, Inc.*




FENWICK & WEST LLP